**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL D. NICOLARI,<br><br>　　Plaintiff<br><br>v.<br><br>DOUGLAS COUNTY, NEVADA,<br><br>　　Defendant | Case No.: 3:24-cv-00169-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 2, 2-1 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 2) and pro se complaint (ECF No. 2-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff submitted the court's short form IFP application. The form indicates that Plaintiff's take-home wages are $853.11 bi-weekly. The expenses listed include rent, an auto loan, a motorcycle loan, a line of credit and credit cards, and amount to $3,684. Plaintiff does state, however, that he has $14,000 in cash or in a checking or savings account. In light of this last fact, it seems Plaintiff could pay the filing fee. The court will deny Plaintiff's IFP application without prejudice, and allow Plaintiff to either submit a new IFP application on the court's long form or pay the $405 filing fee.

## II. CONCLUSION

Plaintiff's IFP application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff the long form IFP application and instructions for the same. Plaintiff has **30 days** from the date of this Order to either file the long form IFP application or pay the $405 filing fee. If Plaintiff fails to timely comply with this Order, Plaintiff's action may be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: May 8, 2024

_____
Craig S. Denney
United States Magistrate Judge