UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL D. NICOLARI,<br><br>    Plaintiff<br><br>v.<br><br>DOUGLAS COUNTY, NV,<br><br>    Defendant | Case No.: 3:24-cv-00169-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 20, 22 |

Before the court are Plaintiff's motion for default judgment (ECF No. 20) and Defendant's motion to set aside the clerk's entry of default (ECF No. 22). Defendant has responded to the motion for default judgment. (ECF No. 23.) Plaintiff filed a response to Defendant's motion to set aside the clerk's entry of default. (ECF No. 26.) Defendant filed a reply in support of its motion. (ECF no. 28.)

For the reasons set forth below, Defendant's motion to set aside the clerk's entry of default is granted, and Plaintiff's motion for default judgment is denied as moot.

**I. BACKGROUND**

Plaintiff filed a pro se complaint asserting that Defendant Douglas County discriminated against him in violation of Title VII of the Civil Rights Act of 1964 when he was not hired as the Chief Technology Officer in late 2023/early 2024. The complaint was filed after Plaintiff paid the filing fee on May 28, 2024. (ECF No. 8.) A summons was issued for Douglas County that same day. (ECF No. 9.)

Plaintiff filed a motion for default judgment on June 3, 2024, even though no proof of service as to Defendant had been filed. (ECF No. 10.) That motion was terminated because the prerequisite clerk's entry of default had not been entered.

On July 5, 2024, Plaintiff filed a document titled "Proof of Service Document" (ECF No. 12), which did not contain an actual proof of service of the summons and complaint on Defendant.

On July 10, 2024, Plaintiff filed another document he represented to be a proof of service, which contains an affidavit from Doulgas County Deputy Sheriff Eric Lindsay that a Jennifer Davidson was served with a summons on June 21, 2024. (ECF No. 13.) The document does *not* indicate that there was service of the *complaint*.

On July 22, 2024 and August 2, 2024, Plaintiff filed a second and third motion for default judgment even though the clerk had not yet entered default. (ECF Nos. 14, 16.) District Judge Traum entered an order stating that default judgment would not be entered until the clerk had entered default under Federal Rule of Civil Procedure 55(a). As such, the motions for default judgment were denied without prejudice. (ECF No. 17.)

On August 7, 2024, Plaintiff filed a motion for Clerk's entry of default (ECF No. 18), and the Clerk entered default on August 12, 2024 (ECF No. 19).

On August 23, 2024, Plaintiff his fourth motion for default judgment. (ECF No. 20.)

On September 3, 2023, Katherine Parks entered a notice of appearance on behalf of Defendant. (ECF No. 21.) On September 5, 2024, Defendant filed a motion to set aside the clerk's entry of default, noting that Defendant has yet to be properly served with the complaint. As such, Defendant requests that the clerk's entry of default be set aside and that the motion for default judgment be denied.

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, … the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The court may set aside the clerk's entry of default for good cause. Fed. R. Civ. P. 55(c).

A party is only obligated to appear and defend if it has been properly served. *See Ewing v. Isaac*, 22-cv-1009 JLS (MDD), 2022 WL 17254757, at *3 (S.D. Cal. Nov. 28, 2022) (citing cases). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 98, 801 (9th Cir. 2004) (citations omitted). If Defendant was not properly served, then good cause exists to set aside the entry of default.

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons *and complaint* served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id*. (emphasis added).

To serve a state or local governmental organization, a copy of the summons and complaint must be served on its chief executive officer or a copy of each may be served in the manner prescribed by the state's law for such service. Fed. R. Civ. P. 4(j)(2). Nevada law provides for service on a county must be served by delivering a copy of the summons and complaint to the presiding officer of the governing body, or an agent designated to receive service of process. Nev. R. Civ. P. 4.2 (d)(3).

On June 11, 2024, Plaintiff completed a letter of instruction to the Sheriff requesting service of "Summons in a Civil Action." (Lindsay Decl., ECF No. 22-1 ¶ 2; ECF No. 22-1 at 5-6.) The only document that Plaintiff requested be served with the one-page summons. (Lindsay Decl., ECF No. 22-1 ¶¶ 3-4).

Only the summons was served on Jennifer Davidson. (ECF No. 13.) Plaintiff provides no evidence that Defendant Douglas County was properly served with both the summons and complaint. Therefore, it has no obligation to respond to the complaint and the clerk's entry of default was improvidently entered.

As such, good cause exists to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c), and Plaintiff's motion for default judgment will be denied as moot.

### III. CONCLUSION

Defendant's motion to set aside the clerk's entry of default (ECF No. 22) is **GRANTED**. Plaintiff's motion for entry of default judgment (ECF No. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 27, 2024

_____
Craig S. Denney
United States Magistrate Judge

4